Magdalena Lucia AYALA–QUINTANA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–71890.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007 *.

Filed May 25, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Magdalena Lucia Ayala–Quintana, Reseda, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Teresa A. Wallbaum, Attorney, U.S. Department of Justice, Narcotic and Dangerous Drug Section, Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT and TASHIMA, Circuit Judges.

MEMORANDUM **

Magdalena Lucia Ayala–Quintana, a native and citizen of Peru, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Chen*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*v. Ashcroft,* 362 F.3d 611, 617 (9th Cir. 2004), we deny in part and grant in part the petition for review.

Ayala–Quintana argues that pursuant to this court's 2002 order, the BIA should have remanded her case to the IJ for a new determination regarding her asylum claim. This argument is unpersuasive because nothing in this court's 2002 order directed the BIA to reconsider the asylum claim.

■ Substantial evidence does not support the agency's adverse credibility determination because it is based, in part, on minor inconsistencies that do not reveal anything about Ayala–Quintana's fear of future persecution and do not go to the heart of her claim. *See Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003). Moreover, Ayala–Quintana was not given an opportunity to explain some of the perceived inconsistencies in the record. *See Chen,* 362 F.3d at 618. Finally, Ayala–Quintana's failure to include in her asylum application one assault in 1987 is not fatal to her asylum claim. *See Bandari v. INS,* 227 F.3d 1160, 1167 (9th Cir.2000).

■ Because Ayala–Quintana's testimony establishes past persecution on account of her imputed political opinion, it is presumed that she has demonstrated a well-founded fear of future persecution, unless the government establishes by a preponderance of the evidence "a fundamental change in circumstances such that [Ayala–Quintana] no longer has a well-founded fear of persecution." 8 C.F.R. § 208.16(b)(1). The government has made no such showing, however, and the agency failed to conduct an "individualized analysis of how changed conditions will affect the specific petitioner's situation." *Borja v. INS,* 175 F.3d 732, 738 (9th Cir.1999) (en banc) (internal quotation marks omitted).

As the IJ reached the merits of Ayala–Quintana's asylum claim in an alternative holding, we are not required to remand for "additional investigation regarding eligibility." *He v. Ashcroft,* 328 F.3d 593, 603–04 (9th Cir.2003). We conclude that Ayala–Quintana is eligible for asylum, but because the decision to grant asylum is discretionary, we remand for a determination of whether Ayala–Quintana should be granted asylum. *See* 8 U.S.C. § 1158(b)(1); *Baballah v. Ashcroft,* 367 F.3d 1067, 1078 n. 11 (9th Cir.2004).

■ We also conclude that it is " 'more likely than not that Ayala–Quintana would be subject to persecution' " if returned to Peru. *See Baballah,* 367 F.3d at 1079 (quoting *INS v. Stevic,* 467 U.S. 407, 424, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984)). Ayala–Quintana is therefore entitled to withholding of removal.

■ Substantial evidence supports the agency's denial of CAT relief because Ayala–Quintana failed to show it is more likely than not that she would be tortured by, or with the acquiescence of, a public official, if she returned to Peru. *See* 8 C.F.R. § 208.18; *Kamalthas v. INS,* 251 F.3d 1279, 1282 (9th Cir.2001).

We grant Ayala–Quintana's motion to file a late reply brief. The Clerk shall file the brief received on December 29, 2005. We do not, however, consider the exhibits included with her brief. *See Fisher v. INS,* 79 F.3d 955, 964 (9th Cir.1996) (en banc).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**